UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCOTT O'BRIEN,
on behalf of himself and all other similarly
situated individuals,

Plaintiffs,

v.

HERB CHAMBERS OF SOMERVILLE CORP,
HERB CHAMBERS OF BRAINTREE II, LLC,
and THE HERB CHAMBERS COMPANIES,

Defendants.

Case No. 1:14-cv-11990

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................................... 1

II.   FACTS ........................................................................................................................ 1

     A.   The Complaint ................................................................................................ 1

     B.   The Defendants .............................................................................................. 2

III.   ARGUMENT .............................................................................................................. 3

     A.   The Complaint Must Be Dismissed Because O'Brien Lacks Standing To
         Bring Individual Or Class/Collective Action Claims Against The
         Defendants Under Article III Of The Constitution ....................................... 3

     B.   Plaintiff Has Failed To Assert Claims Upon Which Relief May Be Granted
         Because The Defendants Never Employed Him ............................................ 4

IV.   CONCLUSION ........................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ........................................... 8

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) ........................... 7

*Blanco v. United Comb and Novelty Corp.*, C.A. No. 13-10829-TSH, 2013 WL 5755482, at *2 (D. Mass. Oct. 22, 2013)............................................................................... 8

*Chiang v. MBNA*, C.A. No. 06-CV-12258-PBS, 2007 WL 2399185, at *3 (D. Mass. Aug. 22, 2007) ....................................................................................................................... 5

*Davis v. Abington Mem. Hosp.*, 817 F. Supp. 2d 556 (E.D. Pa. 2011) .......................... 8

*Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983)................................................ 8

*Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) ....................................... 5

*Gianfrancesco v. Town of Wrentham*, 712 F.3d 634 (1st Cir. 2013)............................... 8

*In Re Boston Scientific Corp. ERISA Litig.*, 254 F.R.D. 24, 28 (D. Mass 2008)........... 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ............................................. 7

*Warth v. Seldin*, 422 U.S. 490, 502 (1975) .................................................................... 7

I.     **INTRODUCTION**

Defendants Herb Chambers of Somerville Corp. ("HC Somerville"), Herb Chambers of

Braintree II, LLC ("HC Braintree"), and The Herb Chambers Companies ("HC Companies")

seek dismissal of Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12.

Dismissal of the Complaint is appropriate under Rule 12(b)(1) because the Court lacks

subject matter jurisdiction and under Rule 12(b)(6) for Plaintiff's failure to state a claim upon

which relief may be granted.  In summary, none of the Defendants employed Plaintiff; therefore,

Plaintiff lacks standing under Article III of the Constitution and has accordingly failed to state a

claim for relief against the Defendants.

II.    **FACTS**

    A.     **The Complaint**

The Complaint is sparse on facts.  It consists primarily of familiar legal elements and

formulaic legal conclusions.  Plaintiff Scott O'Brien ("O'Brien") contends that Defendants

employed him as an auto service advisor at an auto repair facility in Somerville, Massachusetts.

(ECF No. 1, Compl. ¶ 8.)  O'Brien alleges that he and other auto service advisors were

misclassified as "exempt" from overtime and minimum wage requirements, they failed to receive

certain minimum and overtime wages,  and they were not provided 30-minute meal breaks or

compensated for time worked through those meal breaks.  (*Id.* at ¶¶ 1–5.)

The Complaint includes claims under the Massachusetts Wage Act, G.L. c. 149, §§ 148

et seq. (Count I), the Massachusetts Overtime Law, G.L. c. 151, §§ 1A et seq. (Count II), and the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count III).  The FLSA claim is

asserted as a collective action, while the remaining claims are asserted as a class action under

Rule 23.  O'Brien also asserts a claim for breach of contract (Count IV), which duplicates the

wage claim, by stating that, "[as] previously described [in the Complaint's claims under federal

and state statutes], Defendants have failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as requested by federal law and Massachusetts state law." (Compl. ¶ 47.)  According to the Complaint, this alleged uncompensated time includes overtime hours and work performed during unpaid meal breaks.  (*Id.*)

The Complaint states that O'Brien filed a Complaint with the Fair Labor Division of the Massachusetts Attorney General's Office and received a "private right of action letter dated September 10, 2013." (Compl. ¶ 47.)  That letter identified "Herb Chambers Ford–Braintree" as O'Brien's employer.  (Ex. A, Attorney General's Letter dated Sept. 10, 2013.[1]).  During its investigation, the Attorney General's Office performed an audit of certain payroll and other records for O'Brien.  The Attorney's General's Office did not pursue any further action.

## B.    The Defendants

HC Companies is not a business entity.  (Ex. B, Dec. of James A. Duchesneau on behalf of Herb Chambers of Braintree II, LLC ("HC Braintree Dec.") ¶¶ 6–8; Ex. C, Dec. of James A. Duchesneau on behalf of Herb Chambers of Somerville Corp. ("HC Somerville Dec.") ¶¶ 6–8.[2])  Rather, the moniker "The Herb Chambers Companies" is a trade name used for marketing purposes by numerous separate corporate entities engaged in the business of selling and servicing automobiles and other motorized vehicles in the New England region.  (*Id.*)  Each

---

[1] This Court may consider the letter attached as Exhibit A because it is expressly mentioned in the Complaint.  *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (explaining that the Court may review "documents sufficiently referred to in the complaint" on a motion to dismiss).

[2] In support of this motion to dismiss, the Court may consider the statements in the attached declarations and public records concerning the nature of HC Somerville, HC Braintree, and HC Companies, as well as the lack of any employment relationship between these entities and the Plaintiff.  "Under certain 'narrow exceptions,' some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment."  *Freeman*, 714 F.3d at 36.  "These exceptions include 'documents the authenticity of which are not disputed by the parties; ... official public records; ... documents central to plaintiffs' claim; [and] ... documents sufficiently referred to in the complaint.'"  *Id.* In addition, "[t]his Court may … consider evidence submitted to supplement a Rule 12(b)(6) motion to dismiss." *Chiang v. MBNA*, C.A. No. 06-CV-12258-PBS, 2007 WL 2399185, at *3 (D. Mass. Aug. 22, 2007) (considering on a motion to dismiss a letter extrinsic to the complaint which discussed the defendants' corporate relationship).  These declarations and public documents address whether the Plaintiff was an employee of these entities (he has not), which is absolutely central to his claims.

corporate entity that uses this trade name operates under separate management.  These entities have their own products, their own employees, and implement their own payroll, compensation, and employment practices.  (*Id.*)

HC Somerville is a Massachusetts corporation engaged in the business of owning commercial real estate.  (Ex. C, HC Somerville Dec. ¶ 3; Ex. E, HC Somerville 2013 Annual Report.[3])  HC Somerville <u>never</u> employed O'Brien.  (Ex. C, HC Somerville Dec. ¶ 4.)  In fact, HC Somerville does not have and never had any employees and does not sell or service automobiles.  HC Somerville is not a parent company and it does not control the corporate entity that employed O'Brien.  (*Id.* at ¶ 5.)

HC Braintree is a Massachusetts limited liability company engaged in the business of owning commercial real estate.  (Ex. B, HC Braintree Dec. ¶ 3; Ex. D, HC Braintree 2014 Annual Report.)  HC Braintree <u>never</u> employed O'Brien.  (Ex. B, HC Braintree Dec. ¶ 4.)  In fact, HC Braintree does not have and never had any employees and does not sell or service automobiles.  HC Braintree is not a parent company and it does not control the corporate entity which employed O'Brien.  (*Id.* at ¶ 5.)

In sum, the Defendants named in the Complaint either do not exist and/or never employed O'Brien.  Accordingly, the Complaint should be dismissed.

## III.   <u>ARGUMENT</u>

### A.   **The Complaint Must Be Dismissed Because O'Brien Lacks Standing To Bring Individual Or Class/Collective Action Claims Against The Defendants Under Article III Of The Constitution**

None of the Defendants ever employed O'Brien.  As a result, O'Brien lacks standing and the Complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

---

[3] As explained *supra*, the Court may consider public records, which includes documents retrieved from the Corporate Database maintained online by the Secretary of the Commonwealth (available at: http://corp.sec.state.ma.us/ corpweb/CorpSearch/CorpSearch.aspx).

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (classifying a defect of standing as a defect in a court's subject matter jurisdiction).

In a class action, as with all lawsuits, Article III standing is a threshold requirement and the representative plaintiff must demonstrate personal injury in fact. *In Re Boston Scientific Corp. ERISA Litig.*, 254 F.R.D. 24, 28 (D. Mass 2008). It is the plaintiff's burden to show that standing requirements are satisfied. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiff must allege sufficient facts to demonstrate that he personally has been injured. *Warth v. Seldin*, 422 U.S. 490, 502 (1975). The plaintiff's injury also must be "fairly traceable" to the defendants' allegedly unlawful conduct, and not due to some independent action of a third-party not before the Court. *Lujan*, 504 U.S. at 560–61.

The Complaint does not meet this standard because O'Brien offers no factual support for his conclusory (and wrong) statement that "he was employed by Defendants during the relevant class period in this case." (Compl. ¶ 8.) Nor could he. None of the Defendants employed O'Brien.[4] His employer was identified in the Attorney General's September 30, 2013 letter as "Herb Chambers Ford–Braintree."[5] Because the predicate requirement of O'Brien's employment by the Defendants cannot be satisfied, he lacks standing to bring individual and class/collective action claims against the Defendants.

### B.   Plaintiff Has Failed To Assert Claims Upon Which Relief May Be Granted Because The Defendants Never Employed Him

In addition to the lack of standing, Defendants cannot be liable under any of the Complaint's causes of action because they did not employ O'Brien.

---

[4] The Court may consider the declarations attached as Exhibits B and C in addressing the Defendants' jurisdictional arguments under Rule 12(b)(1). *See generally* 5B Charles A. Wright, Arthur R. Miller, et al., *Federal Practice & Procedure* § 1350 (3d ed. Westlaw 2014).

[5] Defendants do not represent that "Herb Chambers Ford–Braintree" is the correct name of O'Brien's employer.

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (quotation marks omitted).  "At bottom, a complaint's non-conclusory factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gianfrancesco v. Town of Wrentham*, 712 F.3d 634 (1st Cir. 2013).

As explained above in Section III.A, the Complaint does not satisfy this standard because O'Brien offers no factual support for his conclusory (and wrong) statement that "he was employed by Defendants during the relevant class period in this case."  (Compl. ¶ 8.)  O'Brien cannot state a wage-and-hour claim for unpaid overtime or meal breaks when he cannot establish an employment relationship.[6]  *See, e.g.*, *Davis v. Abington Mem. Hosp.*, 817 F. Supp. 2d 556 (E.D. Pa. 2011) ("The basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiffs and defendant."); *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 675 (E.D. La. 2009) (dismissing discrimination claims against entities because, *inter alia*, those named defendants did not employ the plaintiff).

Similarly, O'Brien cannot plausibly state a claim for breach of contract because the alleged contract is founded upon an employment relationship and he had no such relationship with any of the Defendants.  (*See* Compl. ¶ 48 ("By employing Plaintiffs as auto service advisors, Defendants agreed to pay Plaintiffs for all hours worked.").)  The Complaint therefore should be dismissed for failure to state a claim under Rule 12(b)(6).

---

[6] Because these entities are not parents of or affiliated with Plaintiff's former employer, the various tests used by Courts to determine whether an employment relationship exists are inapplicable.  *See Blanco v. United Comb and Novelty Corp.*, C.A. No. 13-10829-TSH, 2013 WL 5755482, at *2 (D. Mass. Oct. 22, 2013) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983)); *see generally* 45 Scott C. Moriearty, et al, *Massachusetts Practice: Employment Law* § 14.2 (2d ed. Westlaw Dec. 2013).

## IV.    <u>CONCLUSION</u>[7]

Based on the foregoing, the Complaint against Herb Chambers of Somerville Corp., Herb

Chambers of Braintree II, LLC, and The Herb Chambers Companies should be dismissed.

Respectfully submitted,

HERB CHAMBERS OF SOMERVILLE CORP. and
HERB CHAMBERS OF BRAINTREE II, LLC, for
themselves and on behalf of
THE HERB CHAMBERS COMPANIES

By their attorneys,

/s/ Joshua M. Davis
Joshua M. Davis (BBO #: 558852)
    *jdavis@goulstonstorrs.com*
Jennifer B. Furey (BBO #: 634174)
    *jfurey@goulstonstorrs.com*
Matthew P. Horvitz (BBO #: 664136)
    *mhorvitz@goulstonstorrs.com*
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
t: (617) 482-1776
f: (617) 574-4112

Dated: July 18, 2014

---

[7] Defendant HC Companies also should be dismissed under Rule 12(b)(4) and Rule 12(b)(5) because there is no separate entity known as The Herb Chambers Companies that would be subject to suit.  Any process directed at a non-existent entity is void.  *See Int'l Fire & Safety, Inc. v. HC Services, Inc.*, C.A. No. 2:06cv63KS-MTP, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006) (dismissing named defendant when submitted affidavit "unequivocally shows that there is no separate legal entity known as [the named defendant] in existence which would be subject to suit.").  As the court in *International Fire* explained, "[i]f a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and … there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Id.* (quoting *Sweeney v. Greenwood IndexJournal Co.*, 37 F. Supp. 484, 485 (D.C.S.C. 1941)).

   In addition, the Court does not have personal jurisdiction over HC Companies.  Put simply, "[t]he court lacks personal jurisdiction over an entity that does not exist."  *Del Medical Imaging Corp. v. CR Tech USA, Inc.*, No. 08 Civ. 8556(LAP)(DFE) (S.D.N.Y. Apr. 13, 2010), citing *White v. Moylan*, 554 F. Supp. 2d 263, 266 (D. Conn. 2008) (dismissing for lack of personal jurisdiction when affidavit submitted demonstrated that a named defendant-entity did not exist); *Heinsohn v. Levin*, 79 F.R.D. 441, 443 (D. Mass. 1978) (dismissing non-existent entity named as a defendant); *Akerblom v. Ezra Holdings Ltd.*, 848 F. Supp. 2d 673, 683 (S.D. Tex. 2012) (holding that plaintiff's conclusory allegations concerning a non-existent entity were insufficient to make a *prima facie* showing of personal jurisdiction); *IMC Exploration Co. v. Texaco Inc.*, No. Civ. A. 04-1004, 2005 WL 161178, at *2 (E.D. La. Jan. 24, 2005) (holding that court cannot exercise personal jurisdiction over a non-existent entity).  Thus, HC Companies should be dismissed under Rule 12(b)(2).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non registered participants on July 18, 2014.


/s/ Joshua M. Davis

gsdocs\8080246.5